Affirmed and Memorandum Opinion filed July 27, 2004









Affirmed and Memorandum Opinion filed July 27, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00698-CV

_______________

 

IN THE INTEREST OF M.A.F.



 



 

On Appeal from the 315th District Court

Harris County, Texas

Trial Court Cause No. 03-02294J

____________________________________________________________

 

 

M E M O R A N D U M  
O P I N I O N

 

M.A.F.
appeals his adjudication of delinquent conduct and resulting placement in the
Texas Youth Commission (ATYC@) on the grounds that the evidence was insufficient to
support these determinations.  We affirm.








In
reviewing legal sufficiency, we view all of the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  In reviewing factual sufficiency, we view all
of the evidence in a neutral light, and will set aside the verdict only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met. 
Ross, 133 S.W.3d at 620.

In
this case, appellant=s three issues challenge the sufficiency of the evidence to
support the trial court=s findings that: (1) it was in appellant=s best interest to remove him from
his home and place him in the TYC;[1]
and (2) any bodily injury he caused to Kevin Lee was intentional.[2]

Appellant
was a student at a Harris County Juvenile Justice Alternative Education school
(the Aschool@). 
The incident in question occurred while Lee, an instructor at the
school, was attempting to physically remove appellant from the school=s auditorium because appellant had
behaved disruptively during a lecture. 
Lee and another faculty member testified that, during the altercation,
appellant struck Lee with his fist, causing Lee=s lower lip to bleed.  This evidence is legally sufficient to
support the finding of intent.  Although
other students testified that Lee had been the aggressor and had used excessive
force, and that appellant either did not strike Lee or had justification if he
did so, this conflicting evidence does not render the evidence factually
insufficient.

Appellant=s challenge to the best interest
finding is based on: (1) the testimony of his mother and Prince, the teacher
who was his mentor at the school, regarding the improvements he had made while
living at home and attending the school; and (2) Prince=s opinion that it was in appellant=s and society=s best interest to keep him at the
school and not be committed to TYC.  The
trial court=s judgment and commitment order
states that the best interest of appellant and society will be served by
committing appellant to the TYC because appellant needs a highly structured
environment with constant supervision and control.  In announcing this conclusion in open court,
the trial court told appellant:








I want you to understand that a big part of my
decision to send you to the TYC is the history that you have had here in Harris
County.  There comes a point in time when
Harris County cannot continue to offer the type of services that you need.  And I believe you have reached that point
based upon your prior history and this current offense.

 

The
trial court=s best interest determination is
supported by the following evidence in appellant=s juvenile probation report: (1) from
February of 2001 to October of 2002, appellant had been found to engage in four
previous delinquent conduct offenses for theft, curfew violations, probation
violations, and criminal trespass; (2) he had a history of aggressive behavior
both in and out of the home; (3) he was suspected of recently using drugs; (4)
he was previously affiliated with a gang; and (5) he had a history of
behavioral problems in school.  In
addition, the report prepared by appellant=s juvenile probation officer stated,
in part: 

[Appellant] has not made a good adjustment to
supervision by [the juvenile probation officer]. [Appellant] has had the
benefit of H-CAP services and yet, he still fails to comply with the
instructions of this officer and the court. . . . [Appellant] admitted that he
smoked marijuana in March 2003 and admitted using Ahandle bars@ and
alcohol. . . . Appellant failed to begin his 40 hours of community service as
directed in March 2003.

 

This report also
reflected that appellant was currently failing three classes, had been
suspended from school for assault, had received tickets for fighting, and had
admitted skipping school.  The report
recommended that appellant Abe placed in a structural environment that could address his
social and educational needs.@  Under these
circumstances, the evidence is legally and factually sufficient to support the
trial court=s best interest finding.  Accordingly, appellant=s three issues are overruled, and the
judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed July 27, 2004.

Panel consists of
Justices Fowler, Edelman, and Seymore.

 











[1]           See
Tex. Fam. Code Ann. ' 54.04(i)(1)(A) (Vernon Supp. 2004).





[2]           The
offense constituting appellant=s delinquent conduct was assault against a public
servant.  See Tex. Pen. Code Ann. ' 22.01(a)(1), (b)(1) (Vernon Supp. 2004).